Turley, J.
delivered the opinion of the court.
J. W. Martin drew a note payable to A. L. Galbrath, the complainant, at the branch of the Bank of Tennessee, at Rog-ersville. This note Galbrath endorsed to John B. Findley, and John B. Findley to the bank. Galbrath was an accommodation endorser, having no interest whatever in the note, and having received no benefit from it. At the maturity of the note it was protested for non-payment and taken up by John B. Find-ley, the second endorser, who thereupon instituted a suit at law against the complainant Galbrath, the first endorser, and recovered judgment for the amount of the note with interest and cost, and thereupon he files his bill of complaint, alleging that the note was made for the mutual benefit of Martin the drawer *52 and Findley the second endorser, who upon its being discounted received one-half the money; and prays that he, Findley, be enjoined from enforcing the judgment at law.
We are of the opinion that the proof establishes the fact, that the note was discounted for the mutual benefit of the drawer, and Findley the second endorser, and that he received one-half of the proceeds? this unquestionably constitutes a good defence for so much of the note in favor of the complainant. But it is contended that this is a legal as well as an equitable defence, and that in as much as the complainant permitted the judgment to be rendered at law'without making it, he is prevented thereby- from making it in equity. It is now well settled, that if a defendant at law neglect to avail himself of a de-fence, which might be there made, he cannot.be permitted to make it in equity, and this whether the defence were purely legal or from its nature both legal and equitable. But there is this difference between the two classes of defences. If the de-fence be purely legal, it is not under any circumstances a fit subject for chancery investigation, and therefore no neglect on the part of defendant in chancery in insisting on the want of jurisdiction will prevent his availing himself of it upon the hearing; or in other words' neglecting to demur and answering over upon the merits will not in such case give jurisdiction: but if the defence be legal and equitable, that is, a defence which might have been made either in law or equity, it is a fit subject for chancery .investigation, and which is only ousted by reason of a failure in having made the defence at law where it might have been legitimately made. But in cases of this kind if the defendant in equity neglect to object to the want of jurisdiction on this ground and answers over upon the merits, he waives the objection by his own act, and will not be permitted to insist on it.
We are, therefore, of the opinion, that the complainant is entitled to the relief granted him against one-half of the note, and affirm the decision of the Chancellor.